## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTWOYN T. SPENCER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-1043 |
| J.E. Krueger, Warden, | ) ) ) | |
| Respondent. | ) | |

## O R D E R & OPINION

This matter is before the Court on Petitioner Antwoyn T. Spencer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." The Court has examined the Petition. For the reasons explained below, it is DISMISSED.

### BACKGROUND

In 2007, a jury in the United States District Court for the District of Minnesota found Petitioner guilty of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846, attempted possession with intent to

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He was sentenced to concurrent terms of 324 months imprisonment on the conspiracy and attempt counts and 240 months imprisonment on the money laundering count. He is currently serving his sentence at the Federal Correctional Institution in Pekin, Illinois. (Doc. 1 at 7).

Petitioner argues that he is being held in custody in violation of his Fifth Amendment rights. (*Id.* at 3). Specifically, he complains that the jury instructions given with regard to the conspiracy charge impermissibly amended the indictment returned by the grand jury. (*Id.*).

## DISCUSSION

Petitioner raised this issue in an earlier, unsuccessful, § 2241 petition, which was before Chief Judge James E. Shadid. (*See* Pet., *Spencer v. United States*, No. 15-cv-1320 (C.D. Ill. Aug. 5, 2015)). Judge Shadid dismissed that Petition for want of jurisdiction. (Order, *Spencer v. United States*, No. 15-cv-1320 (C.D. Ill. Oct. 28, 2015)). He concluded that Petitioner was challenging the validity of his conviction and sentence, which is the sort of challenge that traditionally must be brought pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. (*Id.* at 2). He then explained that, pursuant to 28 U.S.C. § 2255(e), collateral relief of the type sought is only available pursuant to 28 U.S.C. § 2241 when a § 2255 motion would be inadequate or ineffective to test the legality of Petitioner's detention. (*Id.* at 3). To make this showing, a petitioner must rely upon a new case of statutory interpretation that is retroactive and was decided after the petitioner's initial §

2255 motion, and must also establish that the alleged error creates a fundamental defect that results in a miscarriage of justice. (*Id.* at 3 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002))). Judge Shadid concluded that Petitioner could not proceed under § 2241 because he failed to meet any of these prerequisites. (*Id.* at 4).

Now, Petitioner has attempted to cure the problems presented by his previous petition. He attempts to invoke the Court's jurisdiction by relying upon the All Writs Act, 28 U.S.C. § 1651(a), for the proposition that courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions." (Doc. 1 at 2). He suggests that the Court "is vested with the jurisdiction to adjudicate the merits of the matter" because he "is being illegally detained and incarcerated within this Court's jurisdiction." (*Id.* (citing 28 U.S.C. §§ 2241(a), (c)(3))).

Petitioner's attempt is unsuccessful. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). In this case, Petitioner is in federal custody, so he must look to § 2255 for relief and "cannot use § 1651(a) to escape statutory restrictions on th[at] remed[y]." *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), *as amended* (Jan. 22, 2001); *see also Clarke v. United States*, 703 F.3d 1098, 1102 (7th Cir. 2013) (rejecting petitioner's attempt to avoid § 2255's statute of limitations by invoking the writ of coram nobis under the All Writs Act). Just as

3

Petitioner cannot avoid restrictions imposed by § 2255 by filing a petition pursuant to § 2241, he also may not avoid § 2255 by seeking a writ pursuant to § 1651(a).

## CONCLUSION

Petitioner's invocation of the All Writs Act has done nothing to cure the defects identified by Judge Shadid. For that reason, the Petition is DISMISSED.

Entered this 9th day of February, 2016.

s/Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge